UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



TODD W. ION                                                                       PLAINTIFF

V.                                                            Civil Action No. 1:11CV124 LG-RHW

CHEVRON USA, INC.                                         DEFENDANT

## COMPLAINT

The plaintiff Todd W. Ion hereby files this lawsuit against Chevron USA, Inc. (hereinafter "Chevron") for discharging him in violation of the Family Medical Leave Act.

1. This Court has jurisdiction of this suit pursuant to 28 USC § 1331.

### Parties

2. The plaintiff, Todd W. Ion, was an adult resident of Baldwin County, Alabama at the time of his employment with the defendant. The plaintiff is now a resident of Louisville, Kentucky. He is a former employee of Chevron USA, Inc.

3. The defendant Chevron USA, Inc. is a Pennsylvania corporation doing business in Pascagoula, Mississippi as the Chevron Pascagoula Refinery. The defendant is an employer as that term is defined under the 1993 Family and Medical Leave Act.

### Facts

4. The plaintiff was hired by Chevron on November 16, 2006, to work as a lab chemist at its refinery located in Pascagoula, Mississippi.

5. After one year, the plaintiff became an eligible employee as that term is defined under the Family and Medical Leave Act (FMLA).

**JURY TRIAL REQUESTED**

6. On March 16, 2009, the plaintiff was suspended for five days for alleged performance reasons. The plaintiff was scheduled to return to work on Monday, March 23, 2009.

7. On Friday, March 19, 2009, the plaintiff sought assistance from Chevron's Employee Assistance Program (EAP). Chevron's EAP counselor referred him to Ronald Berman, a licensed professional counselor, who saw the plaintiff the following day.

8. The plaintiff advised his supervisor on Monday, March 23, 2009, that he was now under the care of a counselor and would be taking some leave for that purpose.

9. Mr. Berman determined that the plaintiff had a serious health condition as defined by the FMLA that would require an absence from work for more than three days. Mr. Berman submitted a certification to Chevron.

10. The plaintiff's serious health condition related to emotional, financial and psychological stressors in the plaintiff's personal and family life. The plaintiff had previously advised his supervisor and others of his personal situation.

11. The plaintiff had done all things necessary on his part to apply for FMLA leave.

12. The information submitted by and on behalf of the plaintiff was sufficient to trigger Chevron's duty under the FMLA to designate his leave as FMLA leave. Hence, he was entitled to take up to 12 weeks of unpaid leave and be reinstated to his position upon his return from leave.

13. While on an FMLA leave, Chevron converted the plaintiff's five-day suspension into a termination on April 2, 2009.

14. On April 9, 2009, Chevron notified the plaintiff that he had been discharged.

## Violations of Law

15. The defendant's termination of the plaintiff was based on his having taken FMLA leave.

16. Chevron interfered with the plaintiff's right to take FMLA leave and to be reinstated upon his return from leave.

17. Chevron's discharge of the plaintiff was a willful, wanton violation of his rights to FMLA leave.

**Request for Relief**

18. The plaintiff is entitled to (a) back pay, (b) the value of his lost benefits, (c) front pay until he finds comparable employment, (d) liquidated (double) damages, and (e) legal fees.

Dated: March 28, 2011.

Respectfully submitted,

*/s/ Mike Farrell*

Mike Farrell
MSB No. 5147
Mike Farrell, PLLC
210 E. Capitol Street
Regions Plaza, Suite 2180
Jackson, MS 39201
Tel: 601-948-8030
Fax: 601-948-8032