IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TODD W. ION**                                                                                          **PLAINTIFF**

v.                                                                           CAUSE NO. 1:11CV124 LG-RHW

**CHEVRON USA, INC.**                                                                            **DEFENDANT**

<u>MEMORANDUM OPINION AND ORDER GRANTING
SECOND MOTION FOR SUMMARY JUDGMENT</u>

BEFORE THE COURT is the Second Motion for Summary Judgment [42] filed by Chevron USA, Inc. The Plaintiff has responded, broadly in agreement, and Chevron has replied. The remaining issue in this case is Plaintiff's claim that Chevron interfered with his right to FMLA leave. The parties agree that the Court's earlier ruling dismissing Plaintiff's retaliation claim compels the same result in regard to the interference claim. After due consideration of the arguments and the record, the Court finds no question of material fact for the jury.

BACKGROUND

A detailed recitation of the facts and evidence in this case can be found in the Court's Memorandum Opinion and Order Granting Motion for Summary Judgment, entered April 11, 2012. (ECF No. 41). In brief, Ion alleged that Chevron terminated his employment in retaliation for using FMLA leave, and also interfered with his right to FMLA leave.

Chevron initially moved for summary judgment arguing that Ion has made one claim - for retaliation claim under the FMLA. (Def. Mot. Summ. J., ECF No. 27). The Court granted Chevron's summary judgment motion and dismissed Ion's

retaliation claim. (Order Granting Summ. J. Apr. 11, 2012, ECF No. 41). However, the Court found that Chevron had inadequately briefed the matter of its entitlement to summary judgment on Ion's interference claim, and therefore reserved any ruling on that issue. *See Ford-Evans v. Smith*, 206 F. App'x 332, 335 (5th Cir. 2006) (defendant's failure to address interference claim precluded entry of summary judgment on that issue).

Following entry of the Order, the parties informed the Court that they believed the ruling would also dispose of Ion's interference claim. Accordingly, the Court provided an opportunity for Chevron to move for summary judgment on the interference claim. After reviewing the parties' arguments, the Court finds no question of material fact for the jury regarding Ion's interference claim. Chevron's motion for summary judgment will be granted and this case finally dismissed.

## DISCUSSION

In order to make a *prima facie* case for interference with FMLA rights, Ion must show that he was entitled to a benefit that was denied. *Crown v. Nissan N.A., Inc.*, 634 F. Supp. 2d 688, 691 (S.D. Miss. 2009). This requires that he show his leave was protected under the FMLA. *Ford-Evans v. United Space Alliance LLC*, 329 F. App'x 519, 523 (5th Cir. 2009). In its second summary judgment motion, Chevron makes no argument regarding whether Ion's leave was protected under the FMLA, or whether he was denied a FMLA benefit to which he was entitled. Accordingly, Chevron does not contest that Ion can establish a *prima facie* case of

interference with FMLA rights.

Nevertheless, an employer who interferes with an employee's FMLA rights will not be liable if the employer can prove it would have made the same decision had the employee not exercised his FMLA rights. *Grubb v. Sw. Airlines*, 296 F. App'x 383, 391 (5th Cir. 2008) (quoting *Throneberry v. McCehee Desha Cnty. Hosp.*, 403 F.3d 972, 977 (8th Cir. 2005)). At this point, an analysis of the evidence regarding Chevron's decision-making process converges with the Court's ruling on Chevron's first summary judgment motion. Since the Court previously found that Chevron's termination of Ion was otherwise appropriate, Ion's right to leave would have been extinguished thereby. *Grubb*, 296 F. App'x at 391. Chevron is entitled to summary judgment in regard to Ion's claim of interference with his FMLA rights.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant's Second Motion for Summary Judgment [42] is **GRANTED**. Plaintiff's remaining claims against the Defendant are **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 1st day of August, 2012.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE